[Civ. No. 5757.   Third Appellate District.—May 8, 1937.]

MOLLIE BICKFORD et al., Appellants, v. F. M. LAWSON, Respondent.

H. W. McGowan for Appellants.

George R. Freeman and Elmer Laine for Respondent.

THE COURT.—The respondent has moved to dismiss the appeal or affirm the judgment under the provisions of rule VIII, sections 2 and 3, Rules for the Supreme Court and District Courts of Appeal of California, after the filing of appellants' opening brief, for failure to print therein a concise statement of the issues, because a sufficient reference to the subject-matter relied upon in the transcript has not been designated, and for the reason that the issues involved are so unsubstantial as to require no further argument. The appeal was perfected from a judgment which was rendered in favor of the defendant pursuant to a verdict which was directed by the court at the close of plaintiffs' evidence adduced at the trial.

This is a suit for damages based on alleged malpractice of a physician in the setting of a broken leg. Objections to the expert testimony of three physicians, which was offered by the plaintiffs, were sustained on the ground of a failure to qualify the witnesses to testify regarding the usual practice of the profession in that vicinity with respect to the reducing of a bone fracture. The chief question is whether accepted professional practice in that vicinity required the previous use of X-ray pictures to ascertain the position of the fractured bones. On motion of the defendant the court also struck from the record the testimony of one other physician for the lack of evidence of his knowledge of the usual practice in that community.

While the appellants' opening brief is open to criticism for failure to quote or specifically refer to the exact pages and folios of the transcript upon which they rely, we are not disposed to technically enforce the rule for the reason that this particular appeal will require a reading of the entire record to determine whether there is substantial evidence of

the qualifications of the expert witnesses so as to constitute an abuse of discretion on the part of the trial judge in excluding their testimony. ▮ We are unable to say without a critical examination of the record whether the issues presented on appeal are or are not unsubstantial. The essential question appears to be whether the mere failure to use X-ray pictures may be said to constitute malpractice under the circumstances of this case. We are of the opinion this is not an unsubstantial issue.

▮ On the first printed page of the brief, under the heading, "Index to Subject Matter . . . *The Issues*", the following statement appears:

"I. Error was prevalent in first striking out Dr. Harlan's testimony, and then in granting the motion for a directed verdict.

"II. The Court erred in failing to admit evidence as to methods of treating this type of fracture and the use of X-rays in the vicinity."

While this is not a strict compliance with the rule with respect to the requirement to designate the issues involved on the appeal in all of its particulars, it does sufficiently inform the court of the errors relied upon.

The motion is denied.